# EXHIBIT 2

Case 1:04-cv-00171-GMS    Document 58-3    Filed 07/06/2005    Page 1 of 5

```
Glaxo v. Teva C.A. No. 04-171 Telephone Conference 2-25-05.txt
                                                                          1


 1                      IN THE UNITED STATES DISTRICT COURT

 2                      IN AND FOR THE DISTRICT OF DELAWARE

 3                              - - -
         GLAXO GROUP LIMITED,
 4                                        :   CIVIL ACTION
                  Plaintiff,              :
 5                                        :
                  v.                      :
 6                                        :
         TEVA PHARMACEUTICALS USA, INC.   :
 7       and TEVA PHARMACEUTICALS         :
         INDUSTRIES LIMITED,              :
 8                                        :   NO. 04-171 (KAJ)
                  Defendants.
 9                              - - -

10                          Wilmington, Delaware
                      Friday, February 25, 2005 at 9:30 a.m.
11                          TELEPHONE CONFERENCE

12                              - - -

13       BEFORE:   HONORABLE KENT A. JORDAN, U.S.D.C.J.

14                              - - -
         APPEARANCES:
15

16             YOUNG CONAWAY STARGATT & TAYLOR, LLP
               BY:  KEVIN M. BAIRD, ESQ.
17
                    -and-
18
               MERCHANT & GOULD
19             BY:  MARK D. SCHUMAN, ESQ., and
                    JOHN M. BERNS, ESQ.
20                  (Minneapolis, Minnesota)

21                  -and-

22             GLAXO GROUP LIMITED
               BY:   INNA BELOPOLSKY, ESQ.
23
                         Counsel for Glaxo Group Limited
24
                                          Brian P. Gaffigan
25                                        Official Court Reporter
                                                                          2


 1   APPEARANCES (Continued):

 2
```

Glaxo v. Teva C.A. No. 04-171 Telephone Conference 2-25-05.txt

```
              CONNOLLY BOVE LODGE & HUTZ, LLP
     3        BY:  FRANCIS DiGIOVANNI, ESQ.

     4              -and-

     5        MORGAN LEWIS & BOCKIUS, LLP
              BY:  BRIAN P. MURPHY, ESQ.
     6             (New York, New York)

     7              Counsel for Glaxo Group Limited

     8

     9

    10

    11

    12                      - oOo -

    13              P R O C E E D I N G S

    14              (REPORTER'S NOTE:  The following telephone

    15    conference was held in chambers, beginning at 9:30 a.m.)

    16              THE COURT:  Hi, this is Judge Jordan.  Who do I

    17    have on the line?

    18              MR. DiGIOVANNI:  Frank DiGiovanni from Connolly

    19    Bove representing plaintiff Glaxo Group, Limited.  Also

    20    representing plaintiff is Brian Murphy of Morgan Lewis in

    21    New York.

    22              MR. MURPHY:  Good morning, Your Honor.

    23              THE COURT:  Good morning.

    24              MR. SCHUMAN:  For the defendants, Teva, the two

    25    Tevas, we have Mark Schuman from Merchant & Gould, and Mark

0                                                                 3


     1    Berns from my office.  We have in-house counsel Inna

     2    Belopolsky, and our local counsel, Kevin Baird.

     3              THE COURT:  All right.  I have received letters

     4    that you folks sent over, and this is a call set up at

     5    Glaxo's request.  So, Mr. Murphy, are you taking the lead on

     6    this?
```

Glaxo v. Teva C.A. No. 04-171 Telephone Conference 2-25-05.txt
16  produce. Any development work prior to that is irrelevant.
17       THE COURT: Well, here is the deal. We all
18  spend enough time in the law to saying, well, the document
19  speaks for itself doesn't advance the ball much. So if
20  you're prepared to say to the other side, only point A or
21  only points A and B are in contention so they can narrow
22  their request to those two things, I hear Mr. Murphy saying
23  he is satisfied with that and I would be satisfied with
24  that, too.
25       If you are not prepared to do that and to say

20

1   well, you can read the document yourself, what you are
2   really saying is I'm keeping my theories in my back pocket
3   and I'm trotting them out later in the case and on that
4   basis, I can readily understand why plaintiff's counsel
5   would be uncomfortable and I would be, too.
6        MR. SCHUMAN: Your Honor, I can make that pH
7   representation. I looked at the documents and our pH is the
8   same as the claim.
9        THE COURT: All right. So that the only thing
10  in issue, you're going on the record right now to say the
11  only thing that you are saying is different about the
12  formation of your client's product is this one distinction
13  that the plaintiff has drawn between the substitution of
14  ethanol for the propylene glycol, is that right?
15       MR. SCHUMAN: Yes, Your Honor.
16       MR. MURPHY: Your Honor, this is Brian Murphy.
17  I appreciate that representation by counsel. My only
18  request that is we did ask a contention interrogatory, point
19  number six. If we could somehow formalize this in a
20  document, whether it's a stip or an answer, that's fine with

Glaxo v. Teva C.A. No. 04-171 Telephone Conference 2-25-05.txt

21  me.
22              THE COURT: All right. Well, I'll ask you to do
23  that. That's not too much of a burden, Mr. Schuman. Put it
24  in writing, too, okay?
25              Now, on that base; you agree, don't you, Mr.

                                                                21

1   Murphy, that you're down to relevance associated with that
2   single substitution that we just described; right?
3              MR. MURPHY: Yes, Your Honor. The issue is
4   therefore propylene glycol and whether or not it's a
5   equivalent or functional equivalent of ethanol.
6              THE COURT: All right. Well, this has been a
7   very helpful conversation I'm not going to need follow up.
8   Both sides have given me a lot of help on this call.
9              Here is the ruling: You give the discovery
10  requested on that specific development issue, Mr. Schuman.
11             MR. SCHUMAN: Yes.
12             THE COURT: And I'm also going to require you to
13  give the marketing information that is sought. I agree with
14  plaintiff's counsel that it is relevant to the question of
15  commercial success. How you assessed, how your client
16  assessed the market may very well be relevant to a judgment
17  about commercial success if one views if they are
18  successful; that is, if the plaintiff is successful
19  demonstrating that we're really talking about essentially an
20  equivalent here. So those two types of information ought to
21  be turned over and they ought to be turned over with real
22  dispatch.
23             How soon will you be able to get that together
24  and get it over to the other side, Mr. Schuman?