# YOUNG CONAWAY STARGATT & TAYLOR, LLP

JOSY W. INGERSOLL (NO. 1088)
DIRECT DIAL: 302-571-6672
DIRECT FAX: 302-576-3301
jingersoll@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

September 21, 2005

**BY CM/ECF**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

      Re:    Glaxo Group Limited v. Teva Pharmaceuticals USA, Inc.
              and Teva Pharmaceutical Industries Limited,
              Civil Action No. 04-171-KAJ

Dear Judge Jordan:

        The Court's order of June 30, 2005, directed the parties to submit either joint or separate letters to outline the status of discovery on September 21, 2005. Glaxo advised Teva it will not consider submitting a joint letter, and will not discuss the issues to be raised in the separate letters prior to these submissions. Exs. 1, 2. Accordingly, while Teva believes a joint letter or a meet and confer regarding the separate letters would have reduced the duplication present in the separate letters, Teva regrettably submits its separate letter to the Court to advise the Court as to the status of discovery in this matter.

**Pangeo Pharma Discovery in Canada:**

        Glaxo has sought discovery from a Canadian third party, Pangeo Pharma. At the June 30, 2005, hearing, Glaxo sought testing documents Glaxo believed Teva should have. During the hearing Teva noted that, in prior deposition testimony, a Novopharm witness had testified that a third party had conducted the testing for Novopharm. Teva indicated that this company, Pangeo, may have documents related to Glaxo's requests.

        After the hearing, Teva and Glaxo each informally asked Pharmascience, Pangeo's parent company, for documents. Teva made repeated phone calls to Pangeo and Pharmascience. When these were ignored, Teva sent Pharmascience letters on July 15, 2005, and July 27, 2005, seeking documents related to Novopharm's oral ranitidine solution. Likewise, Glaxo sent a letter to Pharmascience on July 12, 2005. Pharmascience refused or ignored all of these requests.

        Glaxo then sought to compel the production of these documents through a motion for a Request for International Judicial Assistance. Teva stipulated to this motion.

Y OUNG C ONAWAY S TARGATT & T AYLOR, LLP
The Honorable Kent A. Jordan
September 21, 2005
Page 2

Glaxo recently has advised Teva that Pharmascience, Pangeo's parent company, is opposing Glaxo's requests in the Canadian Courts. Glaxo has asked that, in addition to Teva's previous requests, that Novopharm also request these documents from Pharmascience. Despite the fact that Teva has no obligation to seek this discovery, Teva is now reviewing this issue with Canadian legal counsel.

**Document Discovery:**

While follow up issues remain, the document discovery in this case is largely complete. Glaxo has issued various complaints about Teva's production, and Teva has either responded to these, or is completing its investigation of the issues. For example, in a September 14, 2005, letter to Mr. Schuman, Mr. Murphy complained that Teva had not produced the files of Subrata Mazumder. However, in response to earlier requests, Teva advised Glaxo on June 27, 2005, that it had contacted Mr. Mazumder, and "he does not have any ranitidine files in his possession." Teva further advised Glaxo that had such files existed, they would already have been produced. Ex. 3. Glaxo also recently requested that Teva provide updated stability testing and data from Teva's ANDA batch, and Teva is checking into this request to determine if there are additional documents. Teva believes it will have responses to all of the currently existing requests prior to the deposition dates sought by Glaxo, discussed below. To the extent responsive and relevant documents are found, Teva will produce them.

**Depositions:**

The parties currently are engaged in deposition discovery. Glaxo already has deposed two Teva witnesses, Les Kyle and Tamas Szederkenyi. Glaxo has just served deposition notices for four more individual witnesses and two 30(b)(6) depositions of Teva. While Teva has not completed its review of the most recent notices, it has begun offering dates for the depositions. The parties would prefer to complete these depositions prior to the upcoming dates for expert reports, and accordingly the parties will be seeking an extension of time to submit expert reports, as discussed below.

**Glaxo's Request to Use Testimony from a Prior Litigation:**

At the June 30, 2005, hearing Glaxo requested that the Court rule that several depositions and trial transcripts (in their entirety) from a prior case, Glaxo v. Pharmadyne, be ruled admissible in the present case. Teva objected and asked that Glaxo designate the specific portions of the testimony from the previous case it sought to introduce in this case. Glaxo promised to do so at the hearing. On August 6, 2005, Glaxo designated specific portions for several transcripts and indicated it would rely on the entire trial testimony of Nitin Pathak. On September 6, 2005, Glaxo produced the trial testimony of Nitin Pathak. Teva provided its objections to the testimony on September 14, 2005. Glaxo has not responded further.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
September 21, 2005
Page 3

**Discovery Deadlines:**

Glaxo has requested that Teva agree to extend the dates for expert reports to be filed and to extend the deadlines for the close of discovery. Teva has agreed to stipulate to this request. Accordingly, the parties are asking this Court to adjust the discovery dates as follows:

- Initial Disclosures of Expert Testimony from November 2nd to December 19th;
- Date for Rebuttal Expert Testimony from December 2nd to January 16th; and the
- Date for the close of discovery from January 30th to February 13th.

An extension of the dates for expert testimony is appropriate in this case to allow the parties to complete deposition testimony prior to the date for expert reports, avoiding piecemeal reports. Teva believes that these extensions will not change the trial date (August 14, 2005), the date for the submission of summary judgment motions (February 28, 2006), or the date for the claim construction hearing (May 12, 2006). The extension, however, will allow for more efficient discovery without changing the Court's trial docket.

**Summary Judgment:**

The Court has scheduled a status teleconference for October 7, 2005. At that teleconference, Teva would like to discuss the current summary judgment briefing schedule. This case is appropriate for early resolution on summary judgment. The Court has currently set a February 28, 2006, deadline for filing dispositive motions, and a May 12, 2006, hearing for claim construction and summary judgment issues.

As the Court is aware, to reduce the issues in this case Teva already has stipulated that its ANDA product meets each of the claim limitations except the three ethanol limitations discussed in the June 20, 2005, conference. These limitations are first and foremost claim construction issues and claim construction is decided as a matter of law. Accordingly, Teva believes an early summary judgment motion would save the parties costs and conclude this case more quickly. Teva will seek to address the issue of an earlier date for dispositive motions at the teleconference.

Respectfully submitted,

Josy W. Ingersoll (No. 1088)

DB01:1857270.1

058956.1011

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

The Honorable Kent A. Jordan
September 21, 2005
Page 4


JWI:cg
cc:   Clerk of the Court (by CM/ECF and hand delivery)
      Francis DiGiovanni, Esquire (by CM/ECF and hand delivery)
      Brian P. Murphy, Esquire (by e-mail)
      Mark D. Shuman, Esquire (by e-mail)

EXHIBIT 1

# Merchant & Gould

An Intellectual Property Law Firm

3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
TEL 612.332.5300
FAX 612.332.9081
www.merchant-gould.com

A Professional Corporation

Direct Contact
612.371.5314
jberns@merchant-gould.com

September 20, 2005

VIA FACSIMILE

Thomas J. Puppa, Esq.
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060

Re: Glaxo Group Limited v. Teva Pharmaceuticals USA, Inc. and
Teva Pharmaceutical Industries Limited, Civil Action No. 04-171
Our File: M&G 14577.6-US-ZA

Dear Thomas:

Further to our telephone conversations this afternoon we have agreed to jointly seek discovery extensions as follows:

- Initial Disclosures of Expert Testimony from November 2nd to December 23rd;
- Date for Rebuttal Expert Testimony from December 2nd to January 23rd; and the
- Date for the close of discovery from January 30th to February 28th.

You have indicated that you will provide us with a revised stipulation to this effect.

In addition I noted that the parties are instructed by the Court to submit an interim status report on September 21, 2005. I understand from our conversation that Glaxo is not willing to submit a joint letter at this point, and accordingly we will be required to submit separate letters.

I also understand from our discussions that Glaxo is not willing to discuss the issues we need to raise with the Court, other than the discovery extension detailed above, with Teva prior to sending its letter to the Court. Teva believes this unwillingness to meet and confer will result in more of the same confusion evident at the last hearing. As a result, we ask that Glaxo reconsider.

Very truly yours,

John M. Berns

Minneapolis/St. Paul
Denver
Seattle
Atlanta
Washington, DC

MEMORY TRANSMISSION REPORT

```
                           PAGE        : 001
                           TIME        : SEP-20-05  16:06
                           TEL NUMBER1 : 6123329801
                           TEL NUMBER2 : 6123329081
                           NAME        : Merchant & Gould
```

FILE NUMBER       : 338

DATE              : SEP-20 16:05

TO                : ☎912123096001

DOCUMENT PAGES    : 002

START TIME        : SEP-20 16:05

END TIME          : SEP-20 16:06

SENT PAGES        : 002

STATUS            : OK

FILE NUMBER   : 338              *** SUCCESSFUL TX NOTICE ***

# Merchant & Gould
An Intellectual Property Law Firm

3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
Tel. 612.332.5300
Fax 612.332.9081
www.merchant-gould.com

---

**Fax Transmission**  |  September 20, 2005

| | | | |
|---|---|---|---|
| To: | Thomas J. Puppa | From: | John M. Berns |
| Company: | Morgan, Lewis & Brockius LLP | Our Ref.: | 14577.6-US-ZA |
| Your Ref: | | Fax No.: | 612.332.9081 |
| Fax No.: | 212 309 6001 | Phone No.: | 612.371.5314 |
| Phone No.: | | Total Pages: | 2 |
| State/Country: | NY/USA | E-Mail: | jberns@merchant-gould.com |
| Confirmation Via Mail: | ☐ Yes  ☒ No | Return Fax To: | Sarah G. Lewis |

Document Transmitted: Correspondence dated September 20, 2005.

---

This transmission contains information that is confidential and/or legally privileged. It is intended for use only by the person to whom it is directed. If you have received this telecopy in error, please notify us by telephone immediately so that we can arrange for the return of the original documents to us.

If you did NOT receive all of the pages, please call us in the U.S.A. at 612.336.4664 or fax us at 612.332.9081.

EXHIBIT 2

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

Thomas J. Puppa
212-309-2118
tpuppa@morganlewis.com

September 20, 2005

**VIA FACSIMILE**

John M. Berns, Esq.
Merchant & Gould
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Re: *Glaxo Group Limited v. Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries Limited*, Civil Action No. 04-171-KAJ

Dear John:

I write in response to our telephone discussion of today and your recent letter of this evening. It is now apparent that what I took as a congenial conversation to discuss the discovery schedule was simply an attempt by Teva to gather fodder for its letter to Judge Jordan tomorrow. I must now redraft what was a short letter transmitting the revised stipulation into a letter addressing what I can only describe as an obvious attempt by Teva to make issues where none exist. With the exception of your recollection regarding the further extension of certain discovery deadlines I totally disagree with your two other points. I am especially disappointed by your mischaracterizations of my statements with regard to the Status Letter due to Judge Jordan tomorrow.

First, although the dates you list in your letter are what we discussed, upon further reflection I think we should tighten the schedule up a little so as not to interfere with the joint claim construction chart, summary judgment briefing, or holidays. As such I would propose the following:

- Initial Disclosures of Expert Testimony on December 19

**Morgan Lewis**
COUNSELORS AT LAW

John M. Berns, Esq.
September 20, 2005
Page 2

- Rebuttal Expert Testimony on January 16

- Close of Discovery on February 13

Enclosed is a revised [Proposed] Stipulation to Modify Scheduling Order reflecting the above dates. If these are acceptable please execute a copy and return it to me by facsimile; I would like to include the executed version in Glaxo's status letter to the Court tomorrow.

Second, as I stated in our conversation today, the letters to Judge Jordan are due tomorrow. It is highly unlikely that the two parties could reach agreement on a joint Status Letter by tomorrow barring an all-night session of drafting. It would have been courteous, if not prudent, for you to have provided me with a proposed draft letter last week if it was truly your intention to submit a joint letter. I find your statement disingenuous at best.

And third, I did not state that I would not discuss the issues we plan to raise in our Status Letter with you. I am more than willing to have that discussion, and indeed have been having the same discussion with you since before the parties' first discovery conference with Judge Jordan in February. It should also be obvious to Teva what the issues are from Glaxo's correspondence, including the recent letter dated September 14, 2005. Quite simply, Teva is still in default in its discovery obligations, something Teva must be aware of. And Glaxo will continue to seek the information it is entitled to, information Teva has so far refused to provide or supplement, even in the face of Judge Jordan's rulings.

If there are any questions or if you wish to discuss these matters please give me a call.

Very truly yours,

Thomas J. Puppa

c. Josy Ingersoll, Esq.
   Francis DiGiovanni, Esq.

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
TEL: 212.309.6000
FAX: 212.309.6273
eFax: 877.432.9652
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

## FAX MESSAGE

THE INFORMATION CONTAINED IN THIS FAX MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE NAMED RECIPIENT(S). THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR AN AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL. THANK YOU.

### SEND TO

| Name: | John M. Berns, Esq. | Firm: | Merchant & Gould |
| FAX Number: | 612-332-9081 | Telephone Number: | 612-371-5314 |
| Name: | Josy W. Ingersoll, Esq. | Firm: | Young, Conaway, Stargatt & Taylor LLP |
| FAX Number: | 302-571-1253 | Telephone Number: | 302-571-6672 |
| Name: | Francis DiGiovanni, Esq. | Firm: | Connolly Bove Lodge & Hutz LLP |
| FAX Number: | 302-658-5614 | Telephone Number: | 302-888-6316 |

### FROM

| Name: | Thomas J. Puppa | Date Sent: | September 20, 2005 |
| Operator Sending: | | Telephone Number: | 212-309-2118 |
| FAX Number: | 212-309-6001 | Floor: 43 | Number of Pages: 5 (including cover page) |

### COMMENTS

EXHIBIT 3

# Merchant & Gould

An Intellectual Property Law Firm

3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
TEL 612.332.5300
FAX 612.332.9081
www.merchant-gould.com

A Professional Corporation

Direct Contact | 612.371.5314
jberns@merchant-gould.com

June 27, 2005

**VIA FACSIMILE**

Thomas J. Puppa, Esq.
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060

Re:   Glaxo Group Limited v. Teva Pharmaceuticals USA, Inc. and
      Teva Pharmaceutical Industries Limited, Civil Action No. 04-171
      Our File: M&G 14577.6-US-ZA

Dear Mr. Puppa:

Glaxo asked Teva to determine if Subrata Mazumder has any files related to the above captioned litigation. We have checked with Mr. Mazumder, and he has advised us that he does not have any ranitidine files in his possession. Any documents he would have created or obtained would have been kept with the central ranitidine solution files, and would have already been produced.

Very truly yours,

John M. Berns

Minneapolis/St. Paul
Denver
Seattle
Atlanta
Washington, DC