**13**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
GLAXO GROUP LIMITED,

        Plaintiff,                              Civil Action No. 04-171

    v.

TEVA PHARMACEUTICALS USA, INC. and
TEVA PHARMACEUTICAL INDUSTRIES
LIMITED,

        Defendants.
---------------------------------------------------------x

## DEFENDANT TEVA USA'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO TEVA PHARMACEUTICALS USA, INC.

Defendant Teva Pharmaceuticals USA, Inc., ("Teva USA") pursuant to Fed. R. Civ. P. 33, responds to Plaintiffs' Glaxo Group Limited's ("Glaxo") First Set of Interrogatories as follows. Because discovery and investigation in this case is ongoing, Teva USA may learn additional facts and information that may affect its contentions or other responses. Teva USA expressly reserves the right to update its responses should such information become known.

### GENERAL OBJECTIONS

1.     Teva USA objects to each interrogatory to the extent that it calls for the production of information protected from discovery under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

2.     Teva USA objects to each interrogatory to the extent that it is overly broad, vague, or unduly burdensome.

**INTERROGATORY NO. 8:**

For each and all of Teva USA's allegations of unenforceability of the claims of the patent-in-suit, explain the factual and legal bases for each allegation and identify all knowledgeable individuals and the documents reviewed, considered and/or relied on in support thereof, including all prior art references.

**RESPONSE:**

Teva USA incorporates its General Objections. Teva USA objects to this interrogatory to the extent that it calls for the production of information protected from discovery under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Teva USA further objects to this interrogatory as overly broad and unduly burdensome and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks a response on "each and all of Teva USA's allegations of unenforceability of the claims of the patent-in-suit." Teva USA further objects to this interrogatory as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks a response on "each and all of Teva USA's allegations of unenforceability of the claims of the patent-in-suit," because Glaxo has not specified which claims it intends to assert. Teva USA also objects to the interrogatory on the grounds that the phrase "the documents reviewed, considered and/or relied on in support thereof" is vague and ambiguous, and, to the extent understood, calls for the disclosure of attorney work product.

Teva USA further objects to this interrogatory as vague and ambiguous to the extent that discovery is in the early stages, and that the Court has not yet construed the

claim terms in the asserted claims. Teva USA reserves the right to modify, supplement, and change this response upon further discovery, prosecution of Teva USA's ANDA, and after the Court construes the claims.

Subject to these and the general objections, Teva USA states that, upon information and belief, the Applicant of the '249 patent and/or his agents knowingly withheld knowledge of a prior Tagamet solution containing ethanol from the Patent Office. This solution was more relevant in some respects than the prior art cited during the prosecution of the '249 patent. Upon information and belief, the Applicant and/or his agents did so with the intent to mislead the Patent Office.

Upon information and belief, the Applicant and/or his agents (including Dr. Hempenstall) also knowingly withheld stability data from the Patent Office during the prosecution of the '249 patent. Upon information and belief, the withheld data was highly material to the patentability of the '249 patent, and the Patent Examiner should have been allowed to review this data to determine for himself whether Dr. Hempenstall's claims were accurate. Upon information and belief, the Applicant and/or his agents (including Dr. Hempenstall) did so with the intent to mislead the Patent Office. As a result of the Applicant's and/or his agents' inequitable conduct during the prosecution of the '249 patent, all the claims of the '249 patent are unenforceable.

**INTERROGATORY NO. 9:**

For Teva USA's denial of the allegations of Paragraph 4 of the Complaint with respect to Teva Israel, explain the factual and legal bases for such denial and identify all knowledgeable individuals and the documents reviewed, considered and/or relied on in support thereof.