**14**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
GLAXO GROUP LIMITED,

        Plaintiff,

v.

TEVA PHARMACEUTICALS USA, INC. and
TEVA PHARMACEUTICAL INDUSTRIES
LIMITED,

        Defendants.
---------------------------------------------------------------x

Civil Action No. 04-171

### DEFENDANT TEVA ISRAEL'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO TEVA PHARMACEUTICALS INDUSTRIES LIMITED

Defendant Teva Pharmaceuticals Industries Limited, ("Teva Israel") pursuant to Fed. R. Civ. P. 33, responds to Plaintiffs' Glaxo Group Limited's ("Glaxo") First Set of Interrogatories as follows. Because discovery and investigation in this case is ongoing, Teva Israel may learn additional facts and information that may affect its contentions or other responses. Teva Israel expressly reserves the right to update its responses should such information become known.

### GENERAL OBJECTIONS

1. Teva Israel objects to each interrogatory to the extent that it calls for the production of information protected from discovery under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

2. Teva Israel objects to each interrogatory to the extent that it is overly broad, vague, or unduly burdensome.

information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks a response on "each and all of Teva Israel's allegations of invalidity of the claims of the patent-in-suit," because Glaxo has not specified which claims it intends to assert. Teva Israel also objects to the interrogatory on the grounds that the phrase "the documents reviewed, considered and/or relied on in support thereof" is vague and ambiguous, and, to the extent understood, calls for the disclosure of attorney work product.

Teva Israel further objects to this interrogatory as vague and ambiguous to the extent that discovery is in the early stages, and that the Court has not yet construed the claim terms in the asserted claims. Teva Israel reserves the right to modify, supplement, and change this response upon further discovery, prosecution of Teva Israel's ANDA, and after the Court construes the claims. In further response, Teva Israel incorporates its answer to Interrogatory No. 5.

**INTERROGATORY NO. 5:**

For each and all of Teva Israel's allegations of unenforceability of the claims of the patent-in-suit, explain the factual and legal bases for each allegation and identify all knowledgeable individuals and the documents reviewed, considered and/or relied on in support thereof, including all prior art references.

**RESPONSE:**

Teva Israel incorporates its General Objections. Teva Israel objects to this interrogatory to the extent that it calls for the production of information protected from discovery under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Teva Israel further objects to this interrogatory as overly

broad and unduly burdensome and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks a response on "each and all of Teva Israel's allegations of unenforceability of the claims of the patent-in-suit." Teva Israel further objects to this interrogatory as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks a response on "each and all of Teva Israel's allegations of unenforceability of the claims of the patent-in-suit," regardless of whether or not Glaxo intends to assert infringement of each of the claims. Teva Israel also objects to the interrogatory on the grounds that the phrase "the documents reviewed, considered and/or relied on in support thereof" is vague and ambiguous, and, to the extent understood, calls for the disclosure of attorney work product.

Teva Israel further objects to this interrogatory as vague and ambiguous to the extent that discovery is in the early stages, and that the Court has not yet construed the claim terms in the asserted claims. Teva Israel reserves the right to modify, supplement, and change this response upon further discovery and prosecution of Teva USA's ANDA, and after the Court construes the claims.

Subject to these and the general objections, Teva Israel answers that, upon information and belief, the Applicant of the '249 patent and/or his agents knowingly withheld knowledge of a prior Tagamet solution containing ethanol from the Patent Office. This solution was more relevant in some respects than the prior art cited during the prosecution of the '249 patent. Upon information and belief, the Applicant and/or his agents did so with the intent to mislead the Patent Office.

10

Upon information and belief, the Applicant and/or his agents (including Dr. Hempenstall) also knowingly withheld stability data from the Patent Office during the prosecution of the '249 patent. Upon information and belief, the withheld data was highly material to the patentability of the '249 patent, and the Patent Examiner should have been allowed to review this data to determine for himself whether Dr. Hempenstall's claims were accurate. Upon information and belief, the Applicant and/or his agents (including Dr. Hempenstall) did so with the intent to mislead the Patent Office. As a result of the Applicant's and/or his agents' inequitable conduct during the prosecution of the '249 patent, all the claims of the '249 patent are unenforceable.

**INTERROGATORY NO. 6:**

For Teva Israel's denial of the allegations of Paragraph 4 of the Complaint with respect to Teva Israel, explain the factual and legal bases for such denial and identify all knowledgeable individuals and the documents reviewed, considered and/or relied on in support thereof.

**RESPONSE:**

Teva Israel incorporates its General Objections. Teva Israel objects to this interrogatory to the extent that it calls for the production of information protected from discovery under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Teva Israel also objects to the interrogatory on the grounds that the phrase "the documents reviewed, considered and/or relied on in support thereof" is vague and ambiguous, and, to the extent understood, calls for the disclosure of attorney work product.

11