**21**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------x
GLAXO GROUP LIMITED                              :
                                                 :
                                                 :
                    Plaintiff,                   :      Civil Action No. 04-171-KAJ
                                                 :
          v.                                     :
                                                 :
TEVA PHARMACEUTICALS USA, INC. and              :
TEVA PHARMACEUTICAL INDUSTRIES                  :
LIMITED                                          :
                    Defendants.                  :
                                                 :
------------------------------------------------------------x
```

## PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO TEVA PHARMACEUTICALS USA, INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff Glaxo Group Limited ("Glaxo") requests that defendant Teva Pharmaceuticals USA, Inc. produce, in accordance with the definitions and instructions below, the following documents and things at the offices of Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, New York 10178, within the time provided for in the Federal Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

A.    "Plaintiff" or "Glaxo" refer to plaintiff Glaxo Group Limited and any predecessor, successor, parent, subsidiary, division or affiliate.

B.    "Teva USA" refers to defendant Teva Pharmaceuticals USA, Inc. and any predecessor, successor, parent, subsidiary, division or affiliate, including officers, directors, agents and/or employees thereof.

1

I-NY/1805319.1

**DOCUMENT REQUEST NO. 20**:

All documents relied on by Teva USA to support the statement in its Answer and Counterclaims that the patent-in-suit is invalid.

**DOCUMENT REQUEST NO. 21**:

All documents relied on by Teva USA to support the statement in its Certification Letter that the patent-in-suit is unenforceable.

**DOCUMENT REQUEST NO. 22**:

All documents relied on by Teva USA to support the statement in its Answer and Counterclaims that the patent-in-suit is unenforceable.

**DOCUMENT REQUEST NO. 23**:

All documents relating or referring to the determination of bioavailability and/or the bioequivalency of the ANDA product with respect to Glaxo's ZANTAC® syrup product.

**DOCUMENT REQUEST NO. 24**:

All documents relating or referring to the research and development work concerning the ANDA product, whether performed in the United States or abroad, by or for Defendants or Novopharm Limited, including but not limited to all laboratory notebooks, memoranda, summaries, progress and research reports, meeting minutes, comparative studies, and the like.

**DOCUMENT REQUEST NO. 25**:

All documents relating or referring to Defendants' decision to attempt to market ranitidine oral solution in the United States prior to the expiration of the patent-in-suit,

1-NY/1805319.1

including but not limited to initiation of the research and development work, market

research and analysis and consideration of the patent-in-suit.

**DOCUMENT REQUEST NO. 26:**

All documents relating or referring to Novopharm Limited's decision to attempt

to market ranitidine oral solution in the United States prior to the expiration of the patent-

in-suit, including but not limited to initiation of the research and development work,

market research and analysis and consideration of the patent-in-suit.

**DOCUMENT REQUEST NO. 27:**

All documents relating or referring to each actual or proposed change in the

formulation, composition or process of manufacture of the ANDA product, from the

initial stages of development, including any development by Novopharm Limited, to the

present.

**DOCUMENT REQUEST NO. 28:**

All documents relating or referring to each United States or foreign patent

application that Defendants, or any of their affiliates, licensors or licensees, have filed or

intend to file concerning ranitidine, ranitidine hydrochloride, and/or ranitidine oral

solution, including but not limited to pending, abandoned, continuation, divisional,

continuations-in-part, reissue, reexamination or provisional applications.

**DOCUMENT REQUEST NO. 29:**

All documents relating or referring to any marketing study or plan prepared by or

on behalf of Defendants or Novopharm Limited concerning the market for ranitidine oral

solution, including but not limited to sales estimates or projections, pricing analyses,

9

**DOCUMENT REQUEST NO. 56:**

All documents and things relating to "the formulation of the accused products," as described in "Teva's Initial Disclosures Under Fed. R. Civ. P. 26(a)(1)" and any supplement(s) thereto, including, but not limited to, those documents and things located at Novopharm Limited, 50 Novopharm Court, Toronto, Canada M1B 2K9.

**DOCUMENT REQUEST NO. 57:**

All documents and things relating to "Teva's defenses of invalidity, non-infringement, and inequitable conduct," as described in "Teva's Initial Disclosures Under Fed. R. Civ. P. 26(a)(1)" and any supplement(s) thereto, including, but not limited to, those documents and things located at (1) Teva Pharmaceuticals USA, Inc., 1090 Horsham Road, North Wales, PA 19454; (2) Teva Pharmaceuticals USA, Inc., 650 Cathill Road, Sellersville, PA 18960; and (3) Merchant & Gould, 80 South 8th St., Suite 3200, Minneapolis, MN 55401.

Dated:  September 15, 2004            CONNOLLY BOVE LODGE & HUTZ LLP

Francis DiGiovanni (#3189)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 888-6316
Attorneys for Plaintiff Glaxo Group Limited

1-NY/1805319.1