# EXHIBIT A

Westlaw.

Slip Copy
Slip Copy, 2006 WL 2374280 (C.A.3 (Pa.))
**(Cite as: Slip Copy)**

Page 1

Briefs and Other Related Documents
Only the Westlaw citation is currently available.This case was not selected for publication in the Federal Reporter.NOT PRECEDENTIAL   Please use FIND to look at the applicable circuit court rule before citing this opinion. Third Circuit Local Appellate Rule 28.3(a) and Internal Operating Procedure 5.3. (FIND CTA3 Rule 28.0 and CTA3 IOP APP I 5.3.)
United States Court of Appeals,Third Circuit.
John J. TAURO, Appellant,
v.
A YET UNNAMED DOMESTIC RELATIONS WORKER KNOWN AS WORKER ID $IATT; Ace Cash Express, A Texas Corporation.
No. 05-5483.

Submitted for Possible Summary Action Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6 July 27, 2006.
Filed Aug. 16, 2006.

On Appeal From the United States District Court For the Western District of Pennsylvania (D.C.Civ. No. 05-1180), District Judge: Honorable Joy Flowers Conti.

Before FUENTES, VAN ANTWERPEN and CHAGARES, Circuit Judges.

OPINION
PER CURIAM.
*1 John Tauro appeals from the District Court's order, entered November 30, 2005, dismissing his civil rights complaint. For the reasons below, we will summarily affirm the District Court's order.

On August 24, 2005, Tauro filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, against an unnamed domestic relations worker in the Family Division of the Allegheny County Court of Common Pleas and Ace Cash Express, a Texas corporation licensed to conduct business in Pennsylvania. According to Tauro, the domestic relations worker sent an unsigned and undocketed wage attachment order to Ace requesting that money be withheld from Tauro's paychecks because of past due child support. Tauro claims he does not owe any child support. He seeks compensatory and punitive damages. On November 15, 2005, the District Court directed Tauro to show cause why the action should not be sua sponte dismissed on the basis of **collateral estoppel** and the lack of state action. Tauro filed a response to the order but the District Court determined that he failed to show cause why his case should not be dismissed. Accordingly, the District Court dismissed the case with prejudice. Tauro timely appealed. He has filed a motion for appointment of counsel on appeal.

We conclude that Tauro's complaint was properly dismissed. We agree with the District Court that Tauro's claims against the domestic relations worker are barred by the doctrine of **collateral estoppel**. As to the claims relating to Ace, the District Court held that Tauro failed to explain how this entity acted under the color of state law. In *Lugar v. Edmonson Oil Company, Inc.*, 457 U.S. 922, 941 (1982), the Supreme Court held that a private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a "state actor ." However, even if Tauro can show that Ace acted under color of state law under *Lugar*, his claim against Ace properly would have been dismissed as barred by **collateral estoppel**. *See Witkowski v. Welch*, 173 F.3d 192, 198-99 (3d Cir.1999). Tauro's underlying claim is that his due process rights were violated when the Allegheny County Court of Common Pleas directed the collection of child support arrears. This issue was adjudicated in a prior court decision. *See* D. Ct. Order, 1.

For the foregoing reasons, we conclude that no substantial question is presented in this appeal. We, therefore, will affirm the District Court's judgment. Tauro's motion for appointment of counsel is denied.

C.A.3 (Pa.),2006.
Tauro v. A Yet Unnamed Domestic Relations Worker Known as Worker ID $IATT
Slip Copy, 2006 WL 2374280 (C.A.3 (Pa.))

Briefs and Other Related Documents (Back to top)

• 05-5483 (Docket) (Dec. 23, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.